1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID RODELL LIGHTFOOT, II,            No. 2:14-cv-2100-EFB (TEMP)

12              Plaintiff,

13        v.                                ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15

16              Defendant.

17

18        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying his application for a period of disability and Disability Insurance

20   Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the

21   Social Security Act, respectively.[1]  The parties have filed cross-motions for summary judgment,

22   which have been submitted without oral argument.  For the reasons discussed below, plaintiff's

23   motion is granted, the Commissioner's motion is denied and the matter is remanded for further

24   proceedings consistent with this order.

25   /////

26   /////

27   _____

28        [1]  This case is before the undersigned pursuant to the parties' consent.  *See* 28 U.S.C.
     § 636(c); ECF Nos. 7 & 9.

                                            1

PROCEDURAL BACKGROUND

On March 20, 2013, plaintiff filed applications for DIB and SSI alleging disability beginning on October 1, 2009.  Administrative Record ("AR") at 169-83.  His applications were denied initially, *id.* at 121-25, and upon reconsideration, *id.* at 129-33.

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on April 9, 2014.  *Id.* at 35-60.  Plaintiff was represented by an attorney and testified.  *Id.* at 35-36.  In a decision issued on May 16, 2014, the ALJ found that plaintiff was not disabled.  *Id.* at 29.  The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2.  The claimant has not engaged in substantial gainful activity since October 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3.  The claimant has the following severe impairments: status-post hernia repairs/status-post gastrotomy, obesity, status-post cardiac arrest, irritable bowel syndrome, major depressive disorder, and borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently and sit and walk/stand six hours in an eight-hour workday with sit/stand options allowing for a brief change of position.  The claimant could never climb ladders/ropes/scaffolds and should avoid heights and moving machinery, occasionally climb ramps/stairs, bend, stoop, crouch, balance, and crawl, and should have immediate access to a bathroom.  The claimant could perform simple routine task (sic) with occasional public contact.
>
> 6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7.  The claimant was born on July 2, 1974 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 18-29.

On July 11, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's May 16, 2014 decision, *id.* at 4-6, leaving the ALJ's decision as the final decision of the Commissioner.  Thereafter, plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g).[2]

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002).

[2]  On September 19, 2014, the Appeals Council granted plaintiff's request for an extension of time to file a civil action.  AR at 1-3.

3

A five-step evaluation process is used to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *see also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

Plaintiff argues that the ALJ "rejected medical opinion evidence . . . out-of-hand . . . without articulating legitimate reasons for doing so."  ECF. No. 17 at 15.[3]  Specifically, plaintiff contends that the ALJ improperly rejected the opinion of plaintiff's treating physician and the opinion of an examining physician.

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  *Lester*, 81 F.3d at 830; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  "As a

---

[3]  Page number citations are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   general rule, more weight should be given to the opinion of a treating source than to the opinion

2   of doctors who do not treat the claimant . . . ." *Lester*, 81 F.3d at 830.  This is so because a

3   treating doctor is employed to cure and has a greater opportunity to know and observe the patient

4   as an individual.  *Smolen*, 80 F.3d at 1285; *Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir.

5   1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for

6   clear and convincing reasons, while the opinion of a treating or examining physician that is

7   controverted by another doctor may be rejected only for specific and legitimate reasons supported

8   by substantial evidence in the record.  *Lester*, 81 F.3d at 830-31.  "The opinion of a nonexamining

9   physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

10  of either an examining physician or a treating physician."  *Id.* at 831.  In addition, greater weight

11  should be given to the "'opinion of a specialist about medical issues related to his or her area of

12  specialty.'"  *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R.

13  § 404.1527(d)(5)).  Finally, although a treating physician's opinion is generally entitled to

14  significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating

15  physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"

16  *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Bray v. Comm'r of Soc. Sec.

17  Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)).

18          Here, Dr. Sid Cormier, Ph.D., examined plaintiff, which included a review of plaintiff's

19  medical records, an interview and observation of the plaintiff, as well as the administration of

20  several tests.  AR at 598-602.  Pursuant to his examination and testing Dr. Cormier opined, in

21  relevant part, as follows:

22              Psychologically, the ramifications of this man's moderate
                depression and borderline intellectual functioning may mildly to
23              moderately impair his ability to perform simple and repetitive tasks
                and perhaps seriously impair his ability to perform complex and
24              detailed ones.

25              I suspect that his borderline intellectual functioning and moderate
                depression may moderately impair his ability to maintain regular
26              attendance and perform work activities on a consistent basis.

27              For a simplistic job he would probably not require special
                additional supervision.  His overall ability to complete a normal
28              workday or workweek without interruptions resulting from the

5

ramifications of his moderate depression and borderline cognitive functioning may be moderately impaired in any other type of job.

Formal memory testing indicated that he is quite capable of accepting and remembering instructions from supervisors.

*Id.* at 603.

Regarding the ability to functionally interact with supervisors and co-workers, Dr. Cormier opined that plaintiff's "reported history and interview behavior did suggest possible significant impairment regarding his ability to interact with coworkers and the general public and he indicated that he has a very low frustration tolerance." *Id.*

The ALJ's decision acknowledged and discussed Dr. Cormier's opinion but ultimately discounted it, according it only "some weight . . . because the claimant could occasionally interact with the public." *Id.* at 27. Apparently focusing on Dr. Cormier's contrary opinion, the ALJ stated that "the claimant is capable of performing simple routine tasks, completing a normal workday, and interacting with co-workers and supervisors based upon the claimant's Function Report, which indicated he shops, goes fishing, and shops (sic)." *Id.*

As noted, an examining physician's uncontradicted opinion may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31. Here, the function report notwithstanding, it is unclear why the ALJ elected to reject Dr. Cormier's opinion. The ALJ simply rejected portions of Dr. Cormier's opinion based on plaintiff's report that he "shops" and "goes fishing," without providing any explanation of how those facts contradict Dr. Cormier's opinion. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). *See generally Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as

/////

1  to her overall disability."); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("Social Security

2  Act does not require that claimants be utterly incapacitated to be eligible for benefits").

3         Similarly, the opinions provided in the physician's reports of September 11, 2013 and

4  February 25, 2014, were rejected by the ALJ with little explanation.  The reports, completed by

5  nurse practitioner William Blackmon but signed and approved by Dr. Nirmal S. Mehton,[4] stated

6  that plaintiff had "a physical or mental incapacity that prevents or substantially reduces his[]

7  ability to engage in work and/or training" on a "[f]ull-time" basis.  AR at 731-32.  The ALJ,

8  however, gave Dr. Mehton's opinion "little weight" because it was purportedly "not consistent

9  with the medical evidence as a whole, Dr. Alvarez' opinions, Dr. Mauro, Dr. Lockmiller, and Dr.

10  Colsky's opinions, which concluded that [plaintiff] is capable of performing unskilled light

11  work."  *Id.* at 28.

12         However,

13             [t]o say that medical opinions are not supported by sufficient
              objective findings or are contrary to the preponderant conclusions
14             mandated by the objective findings does not achieve the level of
              specificity . . . required, even when the objective factors are listed
15             seriatim.  The ALJ must do more than offer his conclusions.  He
              must set forth his own interpretations and explain why they, rather
16             than the doctors', are correct.

17  *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).  *See also Tackett v. Apfel*, 180 F.3d

18  1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary

19  support for his interpretation of the medical evidence."); *McAllister v. Sullivan*, 888 F.2d 599, 602

20  (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not

21  suffice).[5]

22         Moreover, it appears that Dr. Alvarez, an emergency room physician, provided a

23  treatment note from a June 4, 2013 ER visit, not an opinion as to plaintiff's functional limitations.

24  _____

25         [4] Dr. Mehton signed off on those reports on April 21, 2014, stating that he concurred with those "findings."  AR at 731-32.

26
27         [5] It is unclear whether the ALJ considered Dr. Mehton to be treating or examining physician.  Regardless, in either case the ALJ is required at a minimum to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Mehton's opinions.  *Lester*,
28  81 F.3d at 830-31.

1   AR At 70.  Dr. Mauro, Dr. Lockmiller and Dr. Colsky were non-examining state agency

2   physicians.  *Id*. at 113, 117, 638.  As noted above, "[t]he opinion of a nonexamining physician

3   cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either

4   an examining physician or a treating physician."  *Lester*, 81 F.3d at 831.  *See also Ryan v.*

5   *Commissioner of Social Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) ("the opinion of an examining

6   physician is entitled to greater weight than the opinion of a nonexamining physician").

7       Accordingly, for all of the reasons stated above, the court finds that the ALJ failed to offer

8   specific and legitimate reasons supported by substantial evidence in the record for rejecting the

9   opinions of Dr. Cormier and Dr. Mehton.  Plaintiff, therefore, is entitled to relief with respect to

10  this claim.

11                          SCOPE OF REMAND

12      With error established, the court has the discretion to remand or reverse and award

13  benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

14  under the "credit-as-true" rule for an award of benefits where:

15          (1) the record has been fully developed and further administrative
            proceedings would serve no useful purpose; (2) the ALJ has failed
16          to provide legally sufficient reasons for rejecting evidence, whether
            claimant testimony or medical opinion; and (3) if the improperly
17          discredited evidence were credited as true, the ALJ would be
            required to find the claimant disabled on remand.
18

19  *Garrison*, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met,

20  the court retains "flexibility to remand for further proceedings when the record as a whole creates

21  serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social

22  Security Act."  *Id.* at 1021.  *See also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d

23  1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain

24  and ambiguous, the proper approach is to remand the case to the agency.").

25      Here, the record has not been fully developed, further administrative proceedings would

26  serve a useful purpose and the record as a whole creates serious doubt as to whether plaintiff is, in

27  fact, disabled within the meaning of the Social Security Act.  Accordingly, this matter will be

28  remanded for further proceedings.

On remand, the ALJ shall analyze the opinions of Dr. Cormier and Dr. Mehton and, if any portion of their opinions are not adopted, the ALJ shall provide specific and legitimate reasons supported by substantial evidence in the record.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 19) is denied;

3.  The Commissioner's decision is reversed for the reasons indicated above;

4.  This matter is remanded for further proceedings consistent with this order; and

5.  The Clerk is directed to enter judgment for plaintiff.

DATED:  March 29, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE